NO. 07-06-0387-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 29, 2007


______________________________



RICHARD CALVIN GIPSON, 



 Appellant 


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 241ST DISTRICT COURT OF SMITH COUNTY;



NO. 241-0463-06; HON. JACK SKEEN, JR., PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Richard Calvin Gipson, challenges his conviction for intoxication
manslaughter through four issues. The first two pertain to the legal and factual
insufficiency of the evidence. The third concerns the trial court's admission of expert
evidence, while the fourth involves the quantum of punishment he received. We affirm the
judgment. 

 

 Sufficiency of the Evidence

 According to appellant, the record lacks sufficient evidence to establish that he was
intoxicated at the time of the accident or that his conduct caused the accident. We
disagree and overrule the issue.

 The record contains evidence of the following. On September 23, 2004, around
5:30 a.m., appellant was driving on the wrong side of the highway between Kilgore and
Tyler. He initially knocked off the driver's side mirror of a vehicle driven by Michelle
Henckel but she was able to swerve and avoid a collision. However, appellant collided with
the vehicle behind Henckel, which vehicle was driven by Charlotte Bryan. Ms. Bryan was
pronounced dead at the scene. Thereafter, cocaine, cocoethylene (a product of the use
of cocaine and alcohol), marihuana, and benzodiazepine (a central nervous system
depressant) were found in appellant's system. The State also presented testimony that
appellant 1) was speeding, 2) had driven over 300 feet in the wrong lane of traffic, 3) never
attempted to swerve back into his own lane or brake even after striking the mirror on the
vehicle driven by Henckel, 4) acted abnormally after the accident by calmly smoking a
cigarette in the presence of leaking automobile fluids even though he was pinned in the
vehicle for a considerable time and had suffered a broken leg, 5) thought others hit him,
6) had a crack pipe in his vehicle, 7) had used benzodiazepine at least within the last 72
hours, and 8) had a sufficient quantum of cocaine on or near his person to illustrate that
he was either a heavy user or had used cocaine within 24 hours of his specimen. So too
did a drug recognition expert testify that based on all of the information available to him,
he believed that appellant was intoxicated at the time of the accident. The foregoing is
some evidence upon which a reasonable jury could rationally conclude that appellant was
intoxicated and that the intoxication caused the wreck that killed Ms. Bryan. 

 One is intoxicated if he is does not have "the normal use of [his] mental or physical
faculties by reason of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or any other
substance in his body." Tex. Pen. Code Ann. §49.01 (2)(A) (Vernon 2003). The presence
of drugs within appellant's body, his erratic driving, his failure to stop after colliding with
other objects, his odd demeanor after the accident, and his lack of grasp of the
circumstances provide the necessary foundation for his conviction. 

 Although other evidence suggested that appellant's vehicle had an under-inflated
tire and had been subject to a recall notice with respect to a defect that could have caused
the engine to stop running, no evidence appears illustrating that appellant's vehicle actually
suffered from the defect encompassed within the recall notice at the time of the collision. 
Furthermore, the State presented evidence that appellant would have been able to steer
the vehicle at a high speed even if the engine had stopped immediately preceding the
collision and even with an under-inflated tire. This, combined with the information already
summarized above, prevents us from concluding that the evidence of guilt was weak or
that the verdict was against the great weight and preponderance of the evidence. 

 Admission of Expert Testimony

 Next, appellant complains about the admission of Sergeant Jimmy Jackson's
testimony. The witness was offered by the State as a drug recognition expert. Below,
appellant argued that Jackson was not qualified to be an expert. Here, however, he says
nothing about the sergeant's qualifications but rather attacks the protocol used by the
witness to derive his conclusions. That topic was not mentioned below as a basis for his
objection. Having gone unmentioned at trial, it was not preserved for review. Washington
v. State, 152 S.W.3d 209, 213 (Tex. App.-Amarillo 2004, no pet.). 

 Disproportionate Sentence

 Finally, appellant contends that the life sentence he received for killing another while
driving in an intoxicated state was disproportionate or excessive despite his prior
conviction. Like the foregoing complaint, this too went unmentioned below. Thus, it too
was not preserved for review. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996) (failing to object to punishment as cruel and unusual); Harvey v. State, 173
S.W.3d 841, 850 (Tex. App.-Texarkana 2005, no pet.) (failing to make objection that court
considered matters outside the record in assessing the punishment).

 In sum, all of appellant's issues are overruled, and the judgment is affirmed.




 Brian Quinn

 Chief Justice


Do not publish.